## DECEMBER TERM, 1843.

### Edward Shaw and Wife, Administrators of Samuel R. Powell, Deceased, *v.* Simeon Thompson, *et al.*

P., being administratrix upon the estate of S. P., exchanged some notes of her intestate, for two negroes, which were inventoried as the property of the estate of S. P. ; P. intermarried with S., against whom judgment was afterwards obtained, and execution thereon levied on one of these negroes ; *held,* that the negro was the property of the estate of S. P., and not liable to the judgment.

If an administrator buy property with the means of his intestate, the property so bought will be considered and treated in equity as part of the estate of the decedent.

Where an administrator buys property with the effects of his intestate, and inventories that property so purchased, in the inventory of his intestate's effects, in the probate court, and the inventory is recorded in that court, the records of the inventory will be notice of the fiduciary character of the property so purchased and inventoried.

An administrator may have a right given to him by statute, of a trial at law of the right of property of his intestate's effects, when levied on by execution, without impairing the right of the administrator to relief in equity.

The complainants, Edward Shaw, and his wife Mahala Shaw, late Mahala Powell, state in their bill that, at the May term, 1834, of the Holmes Probate Court, letters of administration on the estate of Samuel R. Powell, were granted to his widow, one of the complainants; that, before the administratrix made any inventory of the estate, she exchanged the note of A. G. M'Nutt, the property of her intestate, for two negro slaves; she afterwards made an inventory, and put said negroes in it, and returned it to the Probate Court, where it was recorded; afterwards she married the complainant, Shaw; that they hold said negroes in their fiduciary capacity; that Samuel R. Powell's debts were not all paid, nor had the said estate been finally settled; that Martha Ann and Samuel R. Powell were infants, heirs, without statutory guardians, of said Samuel R. Powell, deceased; and that no distribution of the estate had been made; that Simeon Thompson obtained a judgment in the Circuit Court of Holmes county, against Edward Shaw, individually, on a forthcoming bond, and against one Wm. Anderson, as his surety, for upwards of $500; that execution thereon had been levied on one of the negroes, bought as stated in the bill, and that the sheriff would

sell, unless prevented ; that, as administrator and administratrix, they could not try the right of property at law under the statute, and they pray for injunction and for general relief.

To this bill the defendants demurred, and the case was submitted upon that demurrer.

*Fitch,* and *Brown,* for the demurrer.

*P. W. Tompkins,* for complainant.

CHANCELLOR.   The complainant, Mrs. Shaw, in this case, before her intermarriage with her co-complainant, became the administratrix of Samuel R. Powell, her deceased husband.   Before she made any return of an inventory of her intestate's effects, she exchanged a note belonging to his estate, for two negroes, which she immediately inventoried as the property of her intestate; and this inventory was received and admitted to record in the Probate Court of Holmes county.   After her intermarriage with Shaw, one of his judgment-creditors levied an execution against him on one of these negroes; and Shaw and his wife, as representatives of their intestate, filed their bill, praying for an injunction.   The demurrer of the defendants to the bill, presents for my decision the questions involved in the case.

The defendants insist, 1.  That the legal title to the negroes is in the complainants; that they could have sold the negroes, and made a good title to their vendee; and that, as a consequence, they are liable to the judgment obtained against Shaw, in his individual right. They contend that the administrators cannot, in their fiduciary capacity, make a purchase of property to which the character of assets would attach, except such purchase should be authorized by the Probate Court, under the act of 1830.   Laws of Miss. 316.

2.  That the remedy of the complainants, if any, is legal; that the administrators, in their fiduciary capacity, might have the statutory remedy, of the trial of the right of property; and, 3. That the administrators will not be heard in an attempt to protect themselves against their own illegal act.

The first and third objection, taken to the bill, are but the same objection, in a different shape ; they involve the questions of the power of an administrator to dispose of the effects of his intestate;

and of how far a court of equity will follow property of an intestate, in the hands of other persons, and clothe it with the character of assets. Although a court of chancery would not encourage the purchase of property, by an administrator, with the money or other effects of the deceased, and though the validity of such sale might be questioned, yet, when such a purchase has been made, and it is attempted to turn the property thus bought to a different purpose from that intended, to divert it from its legitimate channel, it is surely the duty of this Court to interfere. Even in England, where it has been held, that an administrator might make a valid sale of effects of his intestate, they have also held, that if the fact could be established, that the purchaser had notice that the property he was buying of the administrator was assets of his intestate; that, then, the property might be pursued and taken in his hands by distributees or creditors of the intestate. Was there not notice in this case, constructive, at least, that the negroes thus purchased by Mrs. Shaw, with her intestate's property, had themselves, by that purchase, become assets of her former husband's estate, and of the trust-character thus affixed to them? I think there was. It is distinctly alleged in the bill, that these negroes were purchased before any inventory of Powell's estate was made out, and that immediately upon their purchase, they were inventoried as effects of Powell, and that this inventory was admitted, according to law, to record in the Probate Court. This is sufficient to fix upon them the character of assets, and to convey notice to all persons of that fact.

In 4 Desaus. 153, it was held, that the court would follow a note of hand, as the property of an estate, if really taken in payment of assets of the estate sold by the administrator; and that, too, though the note be payable to the administrator in his private name ; and will enforce the rights of the estate, by injunction against the private creditors of the administrator, seeking relief at law. With equal propriety would slaves, similarly situated, be subjected to the same rule.

But it is said, that the administrators are not the proper parties, at whose instance the Court would interpose, if at all. This objection is not, however, a valid one. This is not a case of administrators, who have sold property of their intestate as their own, seeking

to set aside such sale. It is not necessary that I should determine whether the Court would interfere at their instance or not, in such a case.

Here, the administrators have never set up a right to the property levied on, nor are they asserting a claim to it as their own; they have uniformly continued to treat them as assets of their intestate, in their hands to be administered. They bought them for the estate of Powell, inventoried them as such, and hold them as such. They are, then, seeking to protect from illegal seizure and sale their intestate's property, held by them in trust; this they have a right to do.

With reference to the second objection to this bill, taken by defendants, that the remedy of the complainants is at law, it is sufficient merely to say, that, if they have the remedy, spoken of, at law, it does not take away from them the right to be heard also, and obtain relief, in this Court. The remedy, if it exist at all, is one given by statute, and was not designed to take away any rights that previously existed.

Let the demurrer be overruled.